## PEOPLE *v*. HAYDEN.

1. CRIMINAL LAW — INTOXICATING LIQUORS — GREAT WEIGHT OF EVIDENCE.

Where, in a prosecution for illegally furnishing intoxicating liquor, the defense was an alibi, and the testimony was in dispute, but there was some in corroboration of the people's case, making the question one of fact, it cannot be said that the verdict of guilty was against the great weight of the evidence.[1]

2. SAME—ALIBI—TRIAL—INSTRUCTION.

An instruction on the issue of alibi that if defendant claimed he was in two places at different times and those times were different than those shown by the people's testimony, then his claim of alibi failed, *held*, while not as clear as it might have been made, yet it did not eliminate the question of fact as to which was telling the truth about the matter, and was not misleading in view of the fact that the charge as a whole made it plain that the controlling question of fact was whether defendant was at his farm home or in the city at the time charged.[2]

[1]Criminal Law, 16 C. J. §§ 1588, 2281; [2]Id., 16 C. J. § 2376.
Instructions disparaging defense of alibi in criminal case, see note in 14 A. L. R. 1426.

Exceptions before judgment from Lapeer; Williams (William B.), J.     Submitted January 14, 1926 (Docket No. 150.)     Decided March 20, 1926.

James Hayden was convicted of violating the liquor law.     Affirmed.

*Herbert W. Smith*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Glenn L. Hollenbeck*, Prosecuting Attorney, for the people.

Bird, C. J.     Defendant was charged in the Lapeer circuit court with having furnished one Guy Morse two drinks of moonshine whisky, on the 21st day of August, 1925.     The defense was an alibi.     The question of fact was tried out and the jury convicted him. He applied for a new trial on the ground that the verdict was against the great weight of the evidence. This motion being denied, defendant appeals and raises two questions:

(1) The verdict was against the great weight of the evidence.

(2) Error is charged in the instructions of the court.

1. It appears that Guy Morse was arrested the day previous for being intoxicated.     He spent the night in jail, and, when before the justice the following morning, he disclosed where he obtained his whisky and stated that he could get more.     The officers arranged for him and his brother to go to Hayden's and obtain more.     They testified they were at defendant's house about noon and obtained two drinks of whisky.     Defendant testified that he was not at home at that hour, that he was in the city of Lapeer on business.     There is some corroboration in the testimony of the people's case, and also of defendant Hayden's testimony.     The question was one of fact.

There were many elements in connection with the testimony of both sides for the consideration of the jury. It was a question, which, had it been decided either way, would not have merited a criticism of the jury. This assignment is without merit.

2. The trial court instructed the jury that:

"Now, gentlemen of the jury, the real controlling question in this case grows out of whether or not Mr. Hayden was at his farm home in the forenoon of the 21st of August, or whether he was here in Lapeer at that time.  That is what is known as an alibi, and grows out of the fact that a man cannot be in two places at the same time, *and if he claims that he was at two places at different times, which appears to be different times from the testimony in the case, then, of course, his defense fails, but it is a question which is entitled to your careful consideration.*"

The court did not make his meaning as plain as he might have done, but we think there was no error in the instruction.  He explained to them what an alibi was, and after doing so he stated that if defendant claimed he was in two places at different times and those times were different than those shown by the people's testimony, his claim of alibi failed.  This did not eliminate the question of fact as to which was telling the truth about the matter.  The charge as a whole made it very plain to the jury that the controlling question of fact was whether defendant was at his home about noon or in the city of Lapeer.  We are not persuaded that the jury were misled by the instruction.

The judgment of conviction is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.